Order Filed on October 3, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In Re:<br><br>**RAMON ARTURO RONQUILLO,**<br><br>                            Debtor. | Case No.:      25-12633<br><br>Chapter:      11<br><br>Judge:      John K. Sherwood |

**ORDER RE: LAKEVIEW LOAN SERVICING, LLC's, MOTION FOR RELIEF**
**FROM THE AUTOMATIC STAY AND OTHER PENDING MATTERS**

The relief on the following pages, numbered two (2) through five (5), is hereby **ORDERED.**

DATED: October 3, 2025

_____

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:       Ramon Arturo Ronquillo
Case No.:     25-12633-JKS
Caption:      **ORDER RE: LAKEVIEW LOAN SERVICING, LLC's, MOTION FOR
              RELIEF FROM THE AUTOMATIC STAY AND OTHER PENDING
              MATTERS**

**WHEREAS:**

1.  Ramon Arturo Ronquillo (the "Debtor") filed this Chapter 11 case *pro se* on March 14, 2025.

2.  The main asset of the Debtor's bankruptcy estate is real property at 120 77th Street, North Bergen, New Jersey (the "Property"), where the Debtor resides with his family.

3.  The Debtor has valued the Property at $750,000 on Schedule A/B. [ECF No. 14, p. 15].

4.  LoanCare, LLC, has asserted a claim on behalf of Lakeview Loan Servicing, LLC ("Lakeview"), against the Property [Claim 3-1] in the amount of $445,118.88 under a mortgage that was executed by the Debtor and Ilka Colon in favor of CrossCountry Mortgage, LLC (the "Mortgage"). The balance due includes prepetition mortgage arrears of $44,039.44.

5.  The documents supporting Claim 3-1 are not complicated. The Mortgage was recorded in the Hudson County Register on August 29, 2021. The Mortgage was subsequently assigned by Mortgage Electronic Registration Systems as nominee to CrossCountry Mortgage, LLC to Lakeview and the assignment was recorded within the Hudson County Register on November 6, 2024. Claim 3-1 also contains a copy of the note and an allonge executed by CrossCountry Mortgage, LLC to Lakeview.

Page 3
Debtor:      Ramon Arturo Ronquillo
Case No.:    25-12633-JKS
Caption:     **ORDER RE: LAKEVIEW LOAN SERVICING, LLC's, MOTION FOR
             RELIEF FROM THE AUTOMATIC STAY AND OTHER PENDING
             MATTERS**

6. Lakeview's Proof of Claim is considered valid until proven otherwise under Bankruptcy Rule 3001(f). The Court has reviewed the Proof of Claim along with the Debtor's Objection [ECF No. 45] which does not rebut the presumption of validity. The Bankruptcy Court has core jurisdiction to review Lakeview's Proof of Claim under 28 U.S.C. § 157(b)(2)(B) and requests for stay relief under § 157(b)(2)(G).

7. Lakeview filed a Motion for relief from the automatic stay [ECF No. 30] because the Debtor had not made any post-petition mortgage payments.

8. The Debtor failed to file a formal opposition to Lakeview's Motion. However, the Court permitted the Debtor to appear and argue, *inter alia*, that mortgage payments were not made because he plans to challenge Lakeview's claim.

9. The Office of the United States Trustee filed a Motion to convert or dismiss this case [ECF No. 31] because the Debtor had failed to perform the duties required of a Chapter 11 debtor-in-possession. Specifically, the Debtor had not filed any monthly operating reports, he had not paid quarterly fees, and he had failed to amend Schedule A/B to include personal property.

10. In opposition to the United States Trustee's Motion, the Debtor filed a Cross-Motion for Continuation under Chapter 11 Due to Medical Hardship [ECF No. 34] in which he argued for an extension of time to file monthly operating reports and amended schedules to July 31, 2025, due to ongoing medical treatment.

Page 4
Debtor:      Ramon Arturo Ronquillo
Case No.:    25-12633-JKS
Caption:     **ORDER RE: LAKEVIEW LOAN SERVICING, LLC's, MOTION FOR
             RELIEF FROM THE AUTOMATIC STAY AND OTHER PENDING
             MATTERS**

11. The Court heard the Motions on July 29, 2025, and entered two interim orders: (1) an Order
    Rescheduling Certain Hearing Dates and Directing the Debtor to file Amended Schedules,
    Monthly Operating Reports and the Payment of Quarterly Fees [ECF No. 38], and (2) an
    Interim Order on Lakeview's Motion for Relief from Stay [ECF No. 43] requiring adequate
    protection payments. A further hearing on the Motions [ECF Nos. 31, 34] was scheduled
    for August 26, 2025, which was adjourned to be heard with Lakeview's Motion for relief
    from stay [ECF No. 30] on September 9, 2025.

12. In the interim, the Debtor filed additional pleadings *pro se* including, but not limited to, an
    Objection to Claim 3-1 [ECF No. 45], a Motion to Withdraw the Reference [ECF No. 50],
    and a "Notice" [ECF No. 49] that described several adversary proceedings Debtor intends
    to file to challenge the claims filed against him.

13. The Debtor also commenced an adversary proceeding against the United States of America,
    Jeanne Naughton, Philip R. Sellinger, and Merrick Garland to challenge the constitutionality
    of certain filing fees. [See, 25-01358-JKS].

14. On September 9, 2025, the Court heard further argument on the Motions by Lakeview and
    the Office of the United States Trustee. The Court reserved decision and the Debtor had
    additional time to comply with the Interim Order on Lakeview's stay relief motion. [ECF
    No. 43].

15. Debtor's Motion to Withdraw the Reference was transmitted to the District Court pursuant
    to D.N.J. LBR 5011-1. [ECF Nos. 52, 55, 62]. The Motion also seeks a stay of all
    proceedings from the District Court under Bankruptcy Rule 5011(d).

Page 5
Debtor:        Ramon Arturo Ronquillo
Case No.:      25-12633-JKS
Caption:       **ORDER RE: LAKEVIEW LOAN SERVICING, LLC's, MOTION FOR
               RELIEF FROM THE AUTOMATIC STAY AND OTHER PENDING
               MATTERS**

16. Debtor's Motion to Withdraw the Reference is currently scheduled to be heard by the District Court on or about October 20, 2025. [See, 25-CV-15325-MEF-LDW].

17. The Debtor has failed to comply with the Court's Interim Order on Lakeview's Motion for Relief from Stay. [ECF No. 43]. Under Bankruptcy Rule 5011(c), a motion to withdraw the reference does not stay proceedings pending in the Bankruptcy Court, but the proceedings may be stayed under proper terms and conditions until the motion is decided. This Court will not stay its Interim Order on Lakeview's Motion for Relief from Stay [ECF No. 43] indefinitely. The Debtor has 30 days from the date of this Order to cure any payment defaults under the Interim Order. If the payment defaults are not cured, the Court will grant Lakeview's Motion. The Court notes that this relief is subject to the District Court's power to issue a stay under Bankruptcy Rule 5011(d).

18. The Court will stay the remainder of proceedings in the Bankruptcy Court pending the outcome of the Motion to Withdraw the Reference. [ECF No. 50].

**THEREFORE, IT IS ORDERED** that the Motion for Relief from Stay [ECF No. 30] is **GRANTED IN PART** as set forth above. The remaining Motions on reserve [ECF Nos. 31, 34] and all other pending matters are **STAYED** pending the outcome of the Motion to Withdraw the Reference pursuant to Bankruptcy Rule 5011(c). The rights of parties in interest to seek relief from the stay granted herein are fully preserved.